SANDERS, Chief Justice.
Appellant, John Holmes, was tried under a bill of information charging a violation of LSA-R.S. 40 :962, in that he “did willfully and unlawfully possess and have under [his] control a narcotic drug, to wit: thirty-five (35) capsules of dilaudid.” Appellant was convicted and sentenced to serve fifteen (15) years at hard labor in the Louisiana State Penitentiary. From his conviction and sentence, appellant has perfected this out-of-time appeal, relying upon eight bills of exceptions to obtain a reversal.
Each of the eight bills of exceptions was reserved to a ruling by the trial judge and introduction into evidence of statements made by appellant and a co-defendant, Joseph Manning, to police officers at the time of their arrest. Since identical issues of law are involved in all eight bills, they will be treated here together.
We note initially that the trial of this case took place in August of 1965. Therefore, the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requiring a four-fold warning for the admission of a defendant’s custodial statements, is inapplicable to this case. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and State v. Johnson, 249 La. 950, 192 So.2d 135 (1966), which held that the Miranda exclusionary rule is not to be given retroactive effect, and applies only to trials begun after June 13, 1966, the date of the Miranda decision.
The essential facts, as established by the testimony at the trial, are as follows :
Appellant was driving his car along Washington Avenue in the City of New Orleans around 11:00 p. m. on the night of April 14, 1965. Appellant’s co-defendant at the trial, Joseph Manning, was a passenger in the automobile. At the corner of Washington and Baronne, appellant passed a police vehicle which had another vehicle pulled over to the side of the road. The officers, who testified that they knew appellant recognized him immediately, got into their vehicle and began pursuing appellant’s vehicle, using their flashing lights and siren. The arresting officers testified that as they neared the appellant’s vehicle, they saw Joseph Manning reach out of the window and throw something from the car. They indicated that the object struck a light pole and fell to the ground at its base. Appellant then stopped and pulled over to the curb. While two officers approached appellant and Manning, a third went back and retrieved the object thrown from the car. The object was a chewing gum package which contained about thirty-five (35) clear capsules filled with a white powder. The police officers, suspecting that the capsules contained narcotics, radioed for narcotics officers to come to the scene. In the meantime, they questioned both Manning and appellant Holmes regarding the package. All three officers testified that both Manning and Holmes made statements to them voluntarily and without threats, force or intimidation. It is conceded that at the time this interrogation took place and these statements were made, neither subject had been informed of his constitutional right to counsel and privilege against self-incrimination. Both subjects denied throwing the package from the car. Manning indicated that Holmes had thrown the package. Each subject also admitted to being a drug addict and each admitted that he had “shot up” earlier that day.[1]
When the narcotics officers arrived, each subject was advised of his constitutional rights. Each then repeated in substance his earlier statement. One of the *706 narcotics officers, Detective Spako, testified that he asked Holmes how many capsules were in the package and Holmes replied, “I think you had better see my lawyer.”
The sole issue presented by these eight bills of exceptions is the admissibility of the contents of the statements made by Holmes at the scene of his arrest.
Defense counsel relies upon the United States Supreme Court decision in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and our decision in State v. Collins, 253 La. 149, 217 So.2d 182 (1968) and State v. Tarrance, 252 La. 396, 211 So.2d 304 (1968) for the proposition that absent prior warnings as to the constitutional rights which were being waived, the statements made by appellant could not be used against him.
We considered a similar argument in State v. Johnson, 249 La. 950, 192 So.2d 135 (1966), wherein we concluded that Miranda need not be given retroactive effect, and that Escobedo was applicable only to cases in which the “suspect has requested and been denied an opportunity to consult with his lawyer.” Here, although the suspect was obviously aware of his right to counsel (as indicated by his response that the officers would have to see his lawyer when asked the number of capsules contained in the package thrown from the car), he did not request to see counsel before interrogation. Thus, Escobedo does not require that we exclude his statements. Our decision in State v. Collins, supra, provides no support for appellant’s position. In that case, we reiterated that the Escobedo rule applied only when the suspect requested and was refused counsel. Our reversal in Collins was based upon our finding that inconsistencies in the testimony of the interrogating officers were so substantial that the State failed to carry its burden of rebutting the testimony of the accused that he had requested and had been refused an attorney during interrogation. No such allegation was made by appellant herein.
In State v. Tarrance, supra, the trial occurred after Miranda, and therefore the court applied its more rigid exclusionary rule. It is inapplicable under the facts of this case.
Our consideration of the testimony supports the conclusion of the trial judge that the statements made by appellant herein were freely and voluntarily made. In our opinion, the trial judge correctly admitted them into evidence.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.

. Holmes denied making any statement to the arresting officers, but each of the officers and his co-defendant, Manning, testified as indicated. Holmes’ testimony in rebuttal to the foundation laid for the admission of his statements also indicates that he did, in fact, make some statement at the time of the arrest although the contents are disputed by Holmes.